IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DUNG TRAN,

    Petitioner,

  v.

TIM VIRGA, Warden,

    Respondent.

_____/

No. C 11-0877 CW

ORDER GRANTING MOTION TO STAY PETITION; DIRECTING CLERK OF THE COURT TO ADMINISTRATIVELY CLOSE CASE UNTIL STAY IS LIFTED

(Docket no. 12)

    Petitioner, a state prisoner proceeding pro se, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, raising claims of ineffective assistance of counsel and instructional error. Following an initial review of the petition, the Court found Petitioner's claims cognizable and ordered Respondent to show cause why the petition should not be granted. Respondent filed an answer addressing the merits of the claims. Petitioner, in lieu of filing a traverse, has filed a motion to stay the proceedings so that he may exhaust new claims of instructional error in state court. Respondent has not opposed the motion.

    A district court may stay a mixed habeas petition, i.e., a petition containing both exhausted and unexhausted claims, to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. See Rhines v. Weber, 544 U.S. 269, 277-78 (2005). In Rhines, the Supreme Court discussed the stay-and-abeyance

procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. Id.

The instant case is distinguishable from Rhines, however, because Petitioner did not file a mixed petition; rather, he filed a fully exhausted petition and now asks for a stay while he returns to state court to exhaust unexhausted claims. In King v. Ryan, 564 F.3d 1133 (9th Cir. 2009), the Ninth Circuit clarified that the procedure for granting a stay under such circumstances is different from the procedure employed where a petitioner seeks to stay a mixed petition. Specifically, where a petitioner seeks a stay of a fully exhausted petition while he returns to state court to exhaust unexhausted claims, no showing of good cause is required to stay the petition. Id. at 1140. Thereafter, however, the newly exhausted claims can be added to the original petition by amendment only if the claims are timely under the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). Id. at 1140-41. If the newly exhausted claims are not timely filed in accordance with said statute, they can be added to the original petition by amendment only if they "relate back" to the claims in the original petition that were fully exhausted at the time of filing. Id. at 1142-43 (citing Mayle v. Felix, 545 U.S. 644, 659 (2005)); Fed. R. Civ. P. 15(c).

Here, as noted, Petitioner moves to stay his fully exhausted petition so that he may return to state court to exhaust new claims of instructional error, which he will move to add to the

2

present petition.  Under such circumstances, the Court may grant a stay without a showing of good cause.  See King, 564 F.3d at 1140.

Accordingly, Petitioner's motion to stay the petition is GRANTED and these proceedings are hereby STAYED pending the exhaustion of his new claims in state court.[1]

Once the California Supreme Court has issued a decision on Petitioner's new claims, and if he does not obtain the relief he seeks in state court, Petitioner shall, within thirty days of the California Supreme Court's decision, file in this court a "Motion to Lift Stay and Reopen Action," along with an amended petition that includes all of the claims that he wishes to present in his federal habeas corpus petition.  Failure to comply with these deadlines may result in the dismissal of this action.

The Clerk of the Court shall ADMINISTRATIVELY CLOSE the file pending the stay of this action.

This Order terminates Docket no. 12.

IT IS SO ORDERED.

Dated: 8/10/2012

CLAUDIA WILKEN
United States District Judge

---

[1] The Court does not determine at this time whether Petitioner's new claims will be found timely under the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1) or, if they are not, whether they will be found to "relate back" to the original petition.  Instead, the most pragmatic approach is to wait to address these issues until Petitioner exhausts his state remedies and moves to amend his petition with the newly exhausted claims.