1

2

3                    UNITED STATES DISTRICT COURT

4                  NORTHERN DISTRICT OF CALIFORNIA

5

6

7    DUNG TRAN,                        Case No.  11-cv-00877-CW
              Plaintiff,
8                                      ORDER GRANTING MOTION TO
         v.                            DISMISS NEW CLAIMS IN AMENDED
9                                      PETITION
     JEFF MACOMBER,
10                                     (Dkt. No. 20)
              Defendant.
11

12        This action was stayed and administratively closed so that

13   Petitioner Dung Tran could exhaust state court remedies as to two

14   claims for habeas relief.  On January 8, 2014, Petitioner filed a

15   motion to lift the stay and reopen the action together with an

16   amended petition for a writ of habeas corpus.  On March 18, 2014,

17   the Court granted the motion and ordered Respondent to show cause

18   why the amended petition should not be granted.  On May 19, 2014,

19   Respondent filed a motion to dismiss the new claims in the

20   amended petition as untimely and procedurally defaulted.

21   Petitioner has filed an opposition.  For the reasons discussed

22   below, the Court grants the motion to dismiss the new claims.

23                        PROCEDURAL BACKGROUND

24        Petitioner was convicted by a Santa Clara County jury of

25   first degree murder with personal use of a firearm and was

26   sentenced to twenty-nine years to life in prison.  Resp.'s Ex. F,

27   People v. Tran, No. H031840 (Cal. App. Aug. 21, 2009) at 1.

28        Petitioner appealed and, on August 21, 2009, the California

United States District Court
Northern District of California

1    Court of Appeal affirmed the judgment.  Id.  On November 19,

2    2009, the California Supreme Court denied review.  Resp.'s Ex. G.

3         From the date on the envelope in which his petition was

4    mailed, it appears that Petitioner constructively filed the

5    petition by delivering it to prison authorities on February 2,

6    2011, see Doc. no. 1, attachment 1; it was filed on the Court's

7    docket on February 24, 2011.  Doc. no. 1.[1]  On February 28, 2011,

8    Petitioner filed an amended petition.  Doc. no. 3.  On April 15,

9    2011, the Court issued an Order for Respondent to show cause why

10   the amended petition should not be granted and, on July 21, 2011,

11   Respondent filed his answer.  Doc. nos. 7, 9.  On October 31,

12   2011, Petitioner filed a motion to stay the proceedings so that

13   he could return to state court and exhaust additional claims,

14   which the Court granted on August 10, 2012.  Doc. nos. 12, 13.

15        On December 12, 2012, Petitioner filed a petition for a writ

16   of habeas corpus in the Santa Clara Superior Court, which was

17   denied on December 17, 2012.  Doc. no. 15, Amended Petition, at

18   51; Doc. no. 20, Ex. 1.  On March 21, 2013, Petitioner filed a

19   petition for a writ of habeas corpus in the California Court of

20   Appeal, which was denied on August 16, 2013.  Doc. no. 15 at 14.

21   On September 12, 2013, Petitioner filed a petition for a writ of

22   habeas corpus in the California Supreme Court, which was denied

23   on December 11, 2013.  Doc. no. 15 at 14; Doc. no. 20, Ex. 1.  On

24   January 8, 2014, Petitioner moved this Court to reopen his case,

25

26   _____

27   [1] From the date on the envelope, Respondent concludes that the
     date of constructive filing was February 11, 2011.  Whether the
     petition was constructively filed on February 2 or February 11 is
28   not relevant because, based upon the later date of February 11,
     Respondent acknowledges that the original petition is timely.

United States District Court
Northern District of California

1  and filed an amended petition for a writ of habeas corpus,

2  containing two new claims in addition to the three claims raised

3  in his February 28, 2011 amended petition.  Doc. nos. 14-15.  On

4  March 18, 2014, the Court lifted the stay.  Doc. no. 17.

5                              DISCUSSION

6       Respondent argues that Petitioner's two new claims must be

7  dismissed because they are untimely and procedurally defaulted.

8  Because the Court finds that the new claims are procedurally

9  defaulted, it does not address whether they are untimely.

10 I. Legal Standard

11      A federal court will not review questions of federal law

12 decided by a state court if the decision rests on a state law

13 ground that is independent of the federal question and adequate

14 to support the judgment.  <u>Walker v. Martin</u>, 131 S.Ct. 1120, 1127

15 (2011); <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30 (1991).  The

16 adequate and independent state ground doctrine furthers the

17 exhaustion of state court remedies requirement for federal

18 petitions because, without it, habeas petitioners would be able

19 to avoid exhaustion by defaulting their federal claims in state

20 court.  <u>Walker</u>, 131 S.Ct. at 1127.  To qualify as an adequate

21 procedural ground, a state rule must be firmly established and

22 regularly followed.  <u>Id.</u> at 1127-28 (citation omitted).  In cases

23 in which a state prisoner has defaulted his federal claims in

24 state court pursuant to an independent and adequate state

25 procedural rule, federal habeas review of the claims is barred

26 unless the prisoner can demonstrate cause for the default and

27 actual prejudice as a result of the alleged violation of federal

28 law, or demonstrate that failure to consider the claims will

United States District Court
Northern District of California

3

result in a fundamental miscarriage of justice.  Id.; Coleman,

501 U.S. at 750.

II. Analysis

     The California Supreme Court issued a one-sentence denial of

Petitioner's petition for a writ of habeas corpus with a citation

to In re Robbins, 18 Cal. 4th 770, 780 (1998), indicating that

the petition was untimely.[2]  In Walker, the United States Supreme

Court held that California's timeliness bar was an adequate

procedural rule that bars federal habeas review.[3]  Walker, 131

S.Ct. at 1128-31.

     Petitioner acknowledges that California's timeliness rule is

an independent ground for relief.  However, he argues that the

Ninth Circuit, in Townsend v. Knowles, 562 F.3d 1200, 1207 (9th

Cir. 2009), held that the timeliness rule is not an adequate

procedural rule and, therefore, it cannot bar federal habeas

_____

[2]Robbins stated that an untimely petition

          will be entertained on the merits if the
          petitioner demonstrates (i) that error of
          constitutional magnitude led to a trial that
          was so fundamentally unfair that absent the
          error no reasonable judge or jury would have
          convicted the petitioner; (ii) that the
          petitioner is actually innocent of the crime
          or crimes of which he or she was convicted;
          (iii) that the death penalty was imposed by a
          sentencing authority that had such a grossly
          misleading profile of the petitioner before
          it that, absent the trial error or omission,
          no reasonable judge or jury would have
          imposed a sentence of death; or (iv) that the
          petitioner was convicted or sentenced under
          an invalid statute.

Robbins, 18 Cal. 4th at 780-781.

[3]In Walker, the parties did not dispute that the timeliness rule
was an independent state ground.  Walker, 131 S.Ct. at 1127.

United States District Court
Northern District of California

1    review of his two new claims.

2    However, all Ninth Circuit authority, including <u>Townsend</u>,

3    questioning the adequacy of California's timeliness bar was

4    superseded by the Supreme Court's holding in <u>Walker</u>, 131 S.Ct. at

5    1126-27.

6    Petitioner does not argue that he can overcome the

7    procedural bar by showing cause and prejudice or that failure to

8    consider his claims will result in a fundamental miscarriage of

9    justice.  Therefore, his claims are procedurally defaulted and

10   Respondent's motion to dismiss is granted.

11                              CONCLUSION

12   Based on the above, the Court orders as follows:

13   1. Respondent's motion to dismiss the two new claims in

14   Petitioner's January 8, 2014 amended petition for a writ of

15   habeas corpus is granted.

16   2. As stated previously, Respondent has filed an answer to

17   the February 28, 2011 amended petition.  If Petitioner wishes to

18   respond to the Answer, he shall do so by filing a Traverse with

19   the Court and serving it on Respondent no later than thirty days

20   from the date of this Order.  If he does not do so, the petition

21   will be deemed submitted and ready for decision on the date the

22   Traverse is due.

23   IT IS SO ORDERED.

24   Dated:  January 14, 2015

25   _____

26   CLAUDIA WILKEN
     United States District Judge

27

28

5