1

2

3                    UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6

7  DUNG TRAN,                        Case No.   11-cv-00877-CW  (PR)

           Petitioner,
8                                    ORDER GRANTING PETITIONER'S
                                     MOTION FOR RECONSIDERATION
        v.                           AND, ON RECONSIDERATION,
9                                    REAFFIRMING ORDER GRANTING
                                     MOTION TO DISMISS
   JEFF MACOMBER,
10
           Respondent.
11                                   Re: Dkt. No. 24

12

13        This habeas action was stayed and administratively closed so

14  that Petitioner Dung Tran could exhaust state court remedies as

15  to two claims.  On January 8, 2014, Petitioner filed a motion to

16  lift the stay and reopen the action together with an amended

17  petition for a writ of habeas corpus.  On March 18, 2014, the

18  Court granted the motion and ordered Respondent to show cause why

19  the amended petition should not be granted.  On May 19, 2014,

20  Respondent filed a motion to dismiss the new claims in the

21  amended petition as untimely and procedurally defaulted.  On

22  January 14, 2015, the Court granted the motion to dismiss on the

23  ground that the new claims were procedurally defaulted and that

24  Petitioner had failed to argue cause and prejudice for the

25  procedural default.

26        On February 10, 2015, Petitioner filed a motion for

27  reconsideration of the Court's Order, arguing that, although his

28  "cause and prejudice" argument was not labelled as such in his

1   opposition to the motion to dismiss, he did argue it.  For the

2   reasons stated below, the Court grants the motion for

3   reconsideration and, after reconsideration, reaffirms its Order

4   granting Respondent's motion to dismiss.

5                              DISCUSSION

6        A motion for reconsideration may be granted on the ground

7   that the Court failed to consider facts or argument previously

8   presented to it.  See Local Rule 7-9(b)(3).  Because Petitioner

9   argues that the Court overlooked his cause and prejudice

10  argument, it grants the motion for reconsideration.

11       The cause standard for overcoming a procedural default

12  requires the petitioner to show that "'some objective factor

13  external to the defense impeded counsel's efforts'" to construct

14  or raise the claim."  McCleskey v. Zant, 499 U.S. 467, 493

15  (1991)(citing Murray v. Carrier, 477 U.S. 478, 488 (1986)).

16       Petitioner's claims were procedurally defaulted in state

17  court when, on December 11, 2013, the California Supreme Court

18  issued a one-sentence denial of his petition with a citation to

19  In re Robbins, 18 Cal. 770, 780 (1998), indicating the petition

20  was untimely.[1]  Petitioner argues the untimeliness of his jury

21  instruction claim was caused by the fact that he did not know of

22  its existence until August 16, 2013, the date the state appellate

23  court issued its order denying his habeas petition when, in the

24  same order, the court granted his request for judicial notice.

25  His request for judicial notice included the following statement:

26  "Agree that CALCRIM 520, the jury instruction defining second-

27  ───────────────────

28  [1]Petitioner filed his petition in the California Supreme Court on
    September 12, 2013.

                                    2

United States District Court
Northern District of California

United States District Court
Northern District of California

1    degree murder, does not explain to the jury the specific elements

2    that are required for second-degree murder in order to consider

3    defendant guilty or not guilty of such offense."  See Dkt. No. 16

4    at 7.  He asserts that the granting of his request for judicial

5    notice established that CALCRIM No. 520 is incorrect.[2]  He also

6    argues that, before this ruling, he could not know California law

7    supported a finding that the jury instruction was incorrect

8    because People v. Genovese, 168 Cal. App. 4th 817, 831 (2008),

9    held that it was correct.

10        It is possible to establish cause where the legal claim is

11   so novel at the time of appeal that an attorney could not

12   reasonably be expected to raise it.  Reed v. Ross, 468 U.S. 1, 9

13   (1984).  However, this is not such a case.  First, Petitioner's

14   contention that new law can be established when a court grants a

15   request for judicial notice is unsupported by authority.  Second,

16   the facts show that Petitioner's argument that he "discovered"

17   his jury instruction claim on August 16, 2013 is specious.

18        On October 31, 2011, Petitioner moved for a stay of this

19   case to return to state court to exhaust claims regarding the

20   second degree murder instruction.  See Dkt. No. 12.  On March 18,

21   2013, Petitioner presented to the state appellate court his

22   "request for judicial notice" that CALCRIM No. 520 did not

23   contain the elements of second degree murder.  See Dkt. No. 16 at

24   11.  This shows that Petitioner knew of the claim regarding

25

26   _____

     [2] The order to which Petitioner refers states, "The request for
27   judicial notice is granted.  The petition for writ of habeas
     corpus is denied."  Dkt. No. 16 at 31, In re Tran on Habeas
28   Corpus, No. H039425 (Aug. 16, 2013 Cal. Ct. App.).

1   CALCRIM No. 520 on October 31, 2011, or earlier, and that he did

2   not just become aware of it on August 16, 2013.

3       Because Petitioner cannot establish cause for the untimely

4   filing of his claim in the California Supreme Court, the Court

5   reaffirms its previous order granting Respondent's motion to

6   dismiss.

7                              CONCLUSION

8       Based on the foregoing, the Court orders as follows.

9       1. The Court grants Petitioner's motion for reconsideration

10  of its Order Granting Respondent's Motion to Dismiss.  Dkt. No.

11  24.

12      2. After reconsideration, the Court reaffirms its Order

13  Granting the Motion to Dismiss.

14      3. If Petitioner wishes to respond to the Answer, Dkt. No.

15  9, he shall do so by filing a Traverse with the Court and serving

16  it on Respondent within twenty-eight days of the date of this

17  Order.  If he does not do so, the petition will be deemed

18  submitted and ready for decision on the date the Traverse is due.

19      4. This Order terminates docket number 24.

20      IT IS SO ORDERED.

21  Dated: 04/16/2015

22  _____

23  CLAUDIA WILKEN
    United States District Judge

24

25

26

27

28