UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUNG TRAN,<br><br>      Plaintiff,<br><br>  v.<br><br>JEFF MACOMBER,<br><br>      Defendant. | Case No. 11-cv-00877-CW<br><br>ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY AND MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL<br><br>(Dkt. Nos. 34, 36, 37) |

Petitioner Dung Tran filed a petition for writ of habeas corpus to challenge a 2007 murder conviction in Santa Clara County Superior Court.  Respondent filed an answer to the petition on July 21, 2011.  At Petitioner's request, this action was stayed and administratively closed on August 10, 2012 so that Petitioner could exhaust state court remedies as to two claims.  On January 8, 2014, Petitioner filed a motion to lift the stay and reopen the action together with a first amended petition for writ of habeas corpus.  On March 18, 2014, the Court granted the motion and ordered Respondent to show cause why the first amended petition should not be granted.  On May 19, 2014, Respondent filed a motion to dismiss the two new claims in the first amended petition as untimely and procedurally defaulted.  On January 14, 2015, the Court granted the motion to dismiss on the ground that the new claims were procedurally defaulted and that Petitioner had failed to argue cause and prejudice for the procedural default.  Petitioner then moved for reconsideration of the

January 14, 2015 order.  On April 16, 2015, the Court reconsidered and reaffirmed its order granting the motion to dismiss.  As a result of the January 14, 2015 and April 16, 2015 rulings, the two new claims in the first amended petition have been dismissed and three claims remain for adjudication. Petitioner's traverse was due on June 22, 2015.  This matter is now before the Court for consideration of three miscellaneous requests from Petitioner.

Petitioner has filed an application for a certificate of appealability permitting him to appeal the April 16, 2015 order. A certificate of appealability is not appropriate at this point in time because no final order or judgment has been entered.  In a habeas action, "the final order shall be subject to review" on appeal.  28 U.S.C. § 2253(a).  "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."  28 U.S.C. § 2253(c)(1)(A). Section 2253 does not mention interlocutory appeals, nor does it authorize the issuance of a certificate of appealability for an interlocutory appeal.

Even if section 2253 did authorize the issuance of a certificate of appealability for an interlocutory appeal, an interlocutory appeal plainly is not appropriate as to either the January 14, 2015 order dismissing two of the five claims as procedurally defaulted, or the April 16, 2015 order that reaffirmed the order dismissing two of the five claims as procedurally defaulted.  The orders do not involve a controlling

2

question of law and an immediate appeal from either order would not materially advance the ultimate termination of this case. See 28 U.S.C. § 1292(b)("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order"); see, e.g., Smith v. Chappell, 584 F. App'x 790 (9th Cir. 2014) (dismissing interlocutory appeal from order denying motion to stay federal habeas proceedings to exhaust state remedies because the order was not effectively unreviewable on appeal from a final judgment); Pena-Calleja v. Ring, 720 F.3d 988, 989 (8th Cir. 2013) (denial of habeas petitioner's motion for appointment of counsel would not be reviewed on interlocutory appeal because the order was not a conclusive determination and the denial was clearly reviewable on appeal of a final order).  Petitioner's application for a certificate of appealability for the premature appeal is DENIED.  Dkt. No. 36. The denial of the certificate of appealability is without prejudice to Petitioner filing a new request for a certificate of appealability after a final order and judgment are entered.

    Petitioner has filed a motion for leave to proceed in forma pauperis on his appeal from the "judgment entered in this case on April 16, 2015."  Dkt. No. 34 at 1.  As explained in the preceding paragraph, there has not been a final order or judgment entered in this case and an interlocutory appeal from the April

16, 2015 order plainly is not appropriate.  Petitioner's motion for leave to proceed in forma pauperis on an immediate appeal from the April 16, 2015 order is DENIED because such an appeal would be frivolous.  Dkt. No. 34. Petitioner may file a new motion for leave to proceed in forma pauperis on appeal after a final order and judgment are entered.

   Petitioner has filed a motion for appointment of counsel to represent him in this action.  The Sixth Amendment right to counsel does not apply in habeas corpus actions.  Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986).  Title 18 U.S.C. § 3006A(a)(2)(B), however, authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court.  Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  The courts have made appointment of counsel the exception rather than the rule by limiting it to: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; (5) cases in which the petitioner is in no position to investigate crucial facts; and (6) factually complex cases.  See generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383-86 (2d ed. 1994).  Appointment is mandatory only when the circumstances of a

4

particular case indicate that appointed counsel is necessary to prevent due process violations. Chaney, 801 F.2d at 1196; Eskridge v. Rhay, 345 F.2d 778, 782 (9th Cir. 1965).

The Court finds that appointment of counsel is not warranted in this case. Petitioner's claims appear to be the typical claims that arise in criminal appeals and habeas petitions and are not especially complex. This does not appear to be an exceptional case that would warrant representation on federal habeas review. There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e). If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. Downs v. Hoyt, 232 F.3d 1031, 1041 (9th Cir. 2000). Petitioner's motion for appointment of counsel is DENIED. Dkt. No. 37.

IT IS SO ORDERED.

Dated: 06/30/2015

CLAUDIA WILKEN
United States District Judge